## Mangino v. Carrigan

*Gus Milides* and *Martin D. Cohen,* for plaintiffs.
*Robertson B. Taylor,* for defendant.
*Ronald W. Shipman,* for additional defendant.
*George Weitzman,* for creditor.

GRIFO, J., October 12, 1970.—The instant matter of distribution of funds obtained in a verdict on May 29, 1970, came before the court in the following manner. After three days of trial in the above case the jury rendered a verdict in favor of Diane Mangino and against William J. Carrigan, Jr., and James Mangino, husband of plaintiff, Diane Mangino, in the sum of $10,300. Plaintiff refused to endorse the checks provided by the respective carriers of defendants.

Thereafter, by petition filed by Gus Milides and Martin D. Cohen, Esquires, attorneys for plaintiffs herein, the court on September 2, 1970, allowed a rule upon plaintiffs to show cause why funds, proceeds of certain checks comprising the verdict amount, should not be disbursed as set forth in a proposed order. Said proposed order provided, in general, reimbursement of $226.14 for expenses allegedly involved in the preparation of the case, medical expenses allegedly incurred in the cause in the amount of $1,758, payment of an

alleged judgment due Lipkin's, Inc., of the sum of $4,746.41, fees of said attorneys in the amount of $3,433.32, and the balance of $136.12 to plaintiff, Diane Mangino.

Thereafter, in an effort to make the rule absolute, the matter was set down for hearing on September 29, 1970, before this court. At the hearing there were in attendance James S. Mangino and Diane Mangino, his wife, Robertson B. Taylor, Esquire, attorney for William J. Carrigan, Jr., defendant, and Ronald W. Shipman, Esquire, attorney for James Mangino, additional defendant, George Weitzman, Esquire, attorney for Lipkin's, Inc., and Gus Milides, Esquire, and Martin D. Cohen, Esquire.

The matter proceeded to hearing, whereupon from sworn testimony, record of which appears in this matter, it appears that Gus Milides, Esquire, and Martin D. Cohen, Esquire, prepared the matter for trial and did try the matter for three days before judge and jury. The jury rendered a verdict on May 29, 1970, as hereinabove appears, for the said $10,300.

Diane Mangino was sworn and testified substantially as follows: that she had no objection to the reimbursement of $226.14 for expenses in connection with the preparation of the case from and out of the $10,300 proceeds of the jury verdict by the carrier's checks amounting to said sum; that she had no objection to the payment of medical expenses as itemized except that a bill appearing in said itemization as due the Easton Hospital for physio-therapy for $42 was paid and the witness, Diane Mangino, produced a receipt to that effect; and that she had no objection to the payment from and out of said proceeds of verdict and by carrier's checks as itemized to the amount of $1,716.

When it came to the Lipkin's, Inc., judgment of

$4,746.41, as set forth in the order of September 2, 1970, and subsequent orders, the witness, Diane Mangino, testified substantially to the effect that after purchase of the furniture and the rug she noticed a flaw in the rug, scratches on some of the furniture, and the failure of a door in one of the cabinets to operate properly, that she called this to the attention of Mr. Lipkin, who visited her with a representative from the rug factory, who indicated to her and Mr. Lipkin that the flaw was a factory fault and that she was promised replacement or adjustment, that the scratches on the furniture would be refinished and the door complained about rendered operable.

On cross-examination by George Weitzman, Esquire, attorney for Lipkin's, Inc., it appeared that the furniture had been in the Mangino home for a period of over five years, that it had been used daily during that period, and that it was still in the home. It further appeared that Paul Aaroe, an attorney in Belvidere, New Jersey, had instituted an action in the Warren County Court at Belvidere, New Jersey, wherein Lipkin's, Inc., was plaintiff and James Mangino and Diane Mangino were defendants and that a judgment was rendered by default in favor of plaintiff and against defendants in the total amount of $5,221.41 on March 12, 1968. A photocopy of the docket as certified to by Harry J. Snyder, Clerk of Warren County, New Jersey, Court, was produced from the file of Gus Milides, Esquire, exhibited to plaintiff, Diane Mangino, whereupon she testified that she knew of the action, knew of the judgment, and had taken no steps to contest the action or judgment or appeal the same. Diane Mangino further testified in connection with the Lipkin matter that she was indebted to Lipkin's, Inc., only in the sum of $4,284.06, and in connection therewith exhibited a

Lipkin payment receipt card reflecting said balance after a payment of $100 on account on September 24, 1969, a date after the entry of the aforesaid judgment.

There was an exchange of letters between Attorney Aaroe, New Jersey counsel for Lipkin's, Inc., with Attorney Milides, attorney for Mangino, to the effect that when the funds might be available, the Lipkin's claim asserted by Attorney Aaroe would be "taken care of."

George Weitzman, Esquire, brought to the attention of the court that he had proceeded in connection with the judgment in the following manner: (1) that there had been issued a writ of execution upon the aforementioned judgment, and the same appears as #26, August Term, 1970, and had served copy of praecipe in connection therewith along with interrogatories upon Zurich-American Insurance Companies, one of the carriers herein, attaching the funds to the extent of $4,746.41 on behalf of Lipkin's, Inc., in the hands of said insurance company; (2) that there had been issued a writ of foreign attachment to #221, August Term, 1970, with interrogatories, and that same was served upon Zurich-American Insurance Companies to the sum of $4,746.41 on behalf of Lipkin's, Inc. In both matters James S. Mangino and Diane Mangino remain as plaintiffs and William J. Carrigan, Jr. and James Mangino as defendants, and said insurance company as garnishee.

The lack of formal assignment of the funds by Mangino to the New Jersey judgment effected by Attorney Aaroe on behalf of Lipkin's, Inc., was fatal to it. The foreign attachment in Pennsylvania of Lipkin's, Inc., asserted by Attorney Weitzman perfects the claim of Lipkin's, Inc., to the extent that this court must give credence to it without the consent of Mangino.

Insofar as the judgment rendered in Warren County, New Jersey, is concerned, it appears that the same

is not of record in Northampton County, Pa. Said New Jersey judgment could be made of record in Northampton County only by institution of a suit based on the said judgment. However, insofar as the efficacy of the foreign attachment is concerned the same is an appropriate remedy for the following reasons:

(a) The funds are located in the Commonwealth of Pennsylvania in Northampton County;

(b) The funds are pursued by a Northampton County resident, in this case Lipkin's, Inc.;

(c) The attachment names foreign defendants James Mangino and Diane Mangino, both of New Jersey;

(d) The action joins the stakeholder in Pennsylvania, Zurich-American Insurance Company as garnishee.

The complaints of the plaintiff, Diane Mangino, as to the Lipkin rug and furniture certainly are being asserted at a time remote, to wit, five years, from the alleged obviousness of the imperfections; and further, the payment card of Lipkin's, Inc., exhibited by Diane Mangino, which shows a balance of $4,284.06, also shows that payments were being made by the Manginos to Lipkin's, Inc., on July 5, 1969, in the sum of $150 and on September 24, 1969, in the sum of $100. Thus, in part is refuted the fact that the Manginos would not pay Lipkin's until and unless they effected repairs to the alleged defects and damages.

Mrs. Mangino testified that she had no objection to the payment of $4,284.06 to Lipkin's, especially if her complaints were remedied. Upon consideration of the Mangino testimony, cross-examination, and exhibits relating thereto, the court is of the opinion that the attachment for $4,746.41 is effective but that the same should be paid unto George Weitzman, Esquire, attorney for Lipkin's, Inc., in escrow, and not disbursed by

him except if a release is obtained from James Mangino and Diane Mangino reciting that the alleged defects and imperfections had been repaired to their satisfaction. In view of the admission and testimony of Diane Mangino as to the admitted balance of $4,284.06, aforesaid, George Weitzman, Esquire, attorney for Lipkin's, Inc., may distribute said sum to Lipkin's, Inc. The balance of $362.35 shall be retained by George Weitzman, Esquire, pending obtention of said release. He may pay or reimburse from this sum the court costs in connection with the foreign attachment. Upon agreement between Lipkin's, Inc. and the Manginos as to the exact amount due and a proper release exchanging between the parties, George Weitzman, Esquire, may pay the balance of the $362.35, less said costs, to Diane Mangino.

As to the legal fee claimed by Gus Milides, Esquire, and Martin D. Cohen, Esquire, for the professional services rendered Diane Mangino in this matter, a claim in the sum of $3,433.33, being one-third of the verdict sum of $10,300, Diane Mangino testified that she was not satisfied with the professional services of these attorneys, that she was not dissatisfied with the verdict, that she had rejected an offer of settlement of $7,500, that she had attended the three-day jury trial in this automobile trespass matter, the court finds that there is no merit to the claim of dissatisfaction of Diane Mangino as respects the professional service of Gus Milides, Esquire, and Martin D. Cohen, Esquire, in this case, and will award in an order accompanying this opinion the fee requested.

## ORDER OF COURT

And now, to wit, this October 12, 1970, upon considering the petitions filed herein, rule allowed, and hearing thereon and evaluation of the testimony ad-

duced thereat relating to the distribution of the proceeds of the jury verdict obtained herein by Diane Mangino in the sum of $10,300, said fund of $10,300 should be disbursed as follows:

1. By check to Gus Milides, Esquire, attorney for Diane Mangino, $5,553.59, who shall then disburse the said fund as follows:

(a) To Gus Milides for reimbursement of expenses in connection with the preparation of the case as itemized in petition filed and approved by Diane Mangino in the sum of $226.14;

(b) Medical expenses as itemized in petition and approved by Diane Mangino in the sum of $1,716,

(c) Unto Gus Milides, Esquire, and Martin D. Cohen, Esquire, attorneys for plaintiff in this matter, $3,433.33;

(d) Unto Diane Mangino, $178.12;

2. Unto George Weitzman, Esquire, attorney for Lipkin's, Inc., $4,746.41, but to be held in escrow and disbursed in accordance with this opinion.

Copies of this opinion and order should be directed to the following:

(1) Diane Mangino, Stryker's Road, Phillipsburg, New Jersey;

(2) Gus Milides, Esquire, and Martin D. Cohen, Esquire;

(3) Ronald W. Shipman, Esquire, attorney for James Mangino;

(4) Robertson B. Taylor, Esquire, attorney for William J. Carrigan, Jr.;

(5) Paul Aaroe, Esquire, Belvidere, New Jersey, and

(6) George Weitzman, Esquire, attorney for Lipkin's, Inc.

Upon distribution of the checks by said attorneys for the respective defendants and their carriers, in accordance with this order, proof of mailing of said checks to the persons named herein shall be filed in this case,

evidencing delivery thereof by registered or certified mail receipts, and upon the filing of said proof of mailing in the office of the prothonotary in connection with this cause, the prothonotary is directed upon receipt of the proper costs to mark the record herein satisfied.